## MATHENY et v ZINK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9747. Decided March 11, 1929

E D Lewis, Cleveland, for Matheny.
Klein, Harris & Diehm, Cleveland, for Zink.

**VICKERY, PJ.**

We have the situation of a man appealing to equity to have a lien removed from premises because he claims he had a prior deed when on the very face of it, it shows at best that he got this deed and recorded it by a trick.

Now a well known maxim of equity is that "he who seeks equity must do equity" and another maxim just as overpowering and prevailing is that "a man must come into equity with clean hands." He is seeking by a subterfuge to have his deed placed on record before the attachment, or while, by agreement amongst all the parties, the attachment was released with the distinct understanding that the case would be heard and the matter thrashed out and the rights of all the parties established. Not waiting for that, he seeks by a subterfuge to circumvent the judgment of the court and thus deprive Mrs. Zink, the mother, of the security for the money which she loaned to her daughter, and for which she got judgment.

We think that on this record the lien of Mrs. Zink is a valid subsisting and bona fide lien upon this property, and it was before the plaintiff had acquired any deed to the property, and when he went into possession, if he did so, he knew all the circumstances and he knew the claims, and he is not in a position that the law would favor. In other words, he is in a court of equity, and the equities do not seem to be in his favor.

For that reason a decree may be entered for the defendant refusing to quiet title against this lien. Order see journal.

Sullivan and Levine, JJ, concur.